LJC

FILED IN OPEN COURT
ON 10/8/15
Julie Richards Johnston, Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CR-90-1FL(1)
No. 7:15-CR-90-2FL(1)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| RONNIE MORGAN, ) | |
| KENDRICK ALLEN BURNS, ) | |

The Grand Jury charges that:

### COUNT ONE

### CONSPIRACY

Beginning in or about 2010, the exact date being unknown to the Grand Jury, and continuing up to on or about February 15, 2015, in the Eastern District of North Carolina, the defendants, RONNIE MORGAN and KENDRICK ALLEN BURNS, did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of cocaine base (crack), both Schedule II controlled substances, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

1

Quantity of Controlled Substances Involved in the Conspiracy

With respect to the defendant, RONNIE MORGAN, the amount of cocaine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to the defendant, RONNIE MORGAN, the amount of cocaine base (crack) involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to the defendant, KENDRICK ALLEN BURNS, the amount of controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of cocaine base (crack), both Schedule II

2

controlled substances, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about August 30, 2011, in the Eastern District of North Carolina, the defendant, RONNIE MORGAN, did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

On or about September 7, 2011, in the Eastern District of North Carolina, the defendant, RONNIE MORGAN, did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

On or about September 22, 2011, in the Eastern District of North Carolina, the defendant, RONNIE MORGAN, did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II

3

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

On or about October 19, 2011, in the Eastern District of North Carolina, the defendant, RONNIE MORGAN, did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

On or about June 12, 2013, in the Eastern District of North Carolina, the defendants, RONNIE MORGAN and KENDRICK ALLEN BURNS, aiding and abetting each other, did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SEVEN

On or about February 14, 2015, in the Eastern District of North Carolina, the defendant, RONNIE MORGAN, did knowingly and intentionally possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

4

substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT

On or about February 14, 2015, in the Eastern District of North Carolina, the defendant, RONNIE MORGAN, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

[remainder of page left blank intentionally]

5

Case 7:15-cr-00090-FL   Document 1   Filed 10/08/15   Page 5 of 7

## ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, the defendant herein, RONNIE MORGAN, committed the violations alleged in the Indictment after at least one (1) prior conviction for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

## FORFEITURE NOTICE

The defendants are given notice that upon conviction of the controlled substance offenses alleged in this Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all of the defendant's interest in property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, or any property traceable to such property. Further, as a result of the foregoing offense in Count Eight of the Indictment, the defendant shall forfeit to the United States any firearms and ammunition involved in the offense alleged.

The property includes, but is not limited to:
(a) Taurus, .38 caliber revolver, serial number ZL13680

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A TRUE BILL:

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 10-8-15

THOMAS G. WALKER
United States Attorney

BY: LAWRENCE J. CAMERON
Assistant United States Attorney